[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 17-14076
Non-Argument Calendar
_____

D.C. Docket No. 1:15-cv-00033-WS-C


SE PROPERTY HOLDINGS, LLC,

Plaintiff - Appellee,

versus

TAMMY T. CENTER, ESTATE OF CHARLES H. TRAMMELL,
BELINDA TRAMMELL, AMY T. BROWN, TRAMMELL
FAMILY ORANGE BEACH PROPERTIES, LLC, TRAMMELL
FAMILY LAKE MARTIN PROPERTIES, LLC,

Defendants - Appellants.

_____

Appeal from the United States District Court
for the Southern District of Alabama
_____

(May 31, 2018)

Before WILSON, JORDAN, and FAY, Circuit Judges.

PER CURIAM:

This appeal arises from a diversity suit brought under the Alabama Uniform Fraudulent Transfer Act and under the Alabama common law of civil conspiracy by SE Property Holdings, LLC against several individuals and entities. SEPH sued the defendants based on allegations of fraudulent transfers of assets away from the persons and entities allegedly liable to it and with that liability pending determination in state-court litigation. After a three-day bench trial, the district court issued a thorough order making findings of fact and drawing conclusions of law, and ultimately "enjoin[ing the defendants] from further disposition of any of [certain enumerated] assets" pending the resolution of the state-court action. *SE Prop. Holdings, LLC v. Center*, No. 15-cv-33-WS-C, 2018 WL 279989, at *5 (S.D. Ala. Jan. 2, 2018).

The defendants' initial brief—which consists of only eight sentences of argument and two case citations, and not supplemented by a reply brief—argues that the district court was powerless to issue the order that it did. In so doing, it makes arguments and cites cases regarding the general law of preliminary injunctions rather than the AUFTA, which was the authority for the relief that the district court granted in this case. And, sure enough, a provision enumerating the AUFTA's remedies plainly states that the relief granted here was available:

> In an action for relief against a transfer under this chapter, the remedies available to creditors, . . . include . . . [a]n injunction against

2

further disposition by the debtor or a transferee, or both, of the asset transferred or of other property."

Ala. Code § 8-9A-7(a)(3)(a).  *See also Prescott v. Baker*, 644 So. 2d 877, 880 (Ala. 1994) (quoting this same provision and observing that "the remedies afforded by the [AUFTA] . . . may be available even though a creditor's claim has not been reduced to judgment").  In sum, the defendants argue that the district court had no authority under one source of law, but the district court relied upon a different source of law.  Because the defendants' argument fails to address the basis for the district court's ruling, we must reject it.  *See Sapuppo v. Allstate Floridian Ins. Co.*, 739 F.3d 678, 680–81 (11th Cir. 2014).

**AFFIRMED.**

3